UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

In re

        D. A. ELIA CONSTRUCTION CORP.,              ORDER

                                                                                        07-CV-754
                                                                                       08-CV-103

                              Debtor.
_____

Currently before the Court are the following: (1) a motion in bankruptcy appeal *In re D. A. Elia Constr. Corp.,* 07-CV-754, to vacate an order dismissing the appeal; and (2) a bankruptcy appeal in *In re D. A. Elia Constr. Corp.*, 08-CV-103.  The motion in 07-CV-754 is denied and bankruptcy appeal 08-CV-103 is dismissed as frivolous.

**A.**      **Brief Summary of Related Proceedings**

By way of background, these two appeals are related to a Chapter 11 bankruptcy proceeding in which the appellant, D.A. Elia Construction Corp. ("Elia"), was the debtor and the appellee, Damon & Morey, LLP, was its counsel.  Damon & Morey's representation of Elia in connection with the Chapter 11 matter was extensive and spanned over 10 years. The firm also represented Elia in numerous other related federal and state court lawsuits, including over eight federal court actions and a bench trial before the New York Court of Claims. Damon & Morey acted at the direction of the debtor and its principal, David A. Elia, who is also an attorney.

Debtor's Chapter 11 reorganization was a great success due in large part to the diligent efforts of Damon & Morey. The firm obtained favorable results in many of the adversary proceedings, successfully objected to numerous claims on Elia's behalf, and

ultimately obtained funds in excess of the total amount of creditor claims, thereby leaving a surplus in the estate.

Following payment in full to all creditors, Damon & Morey moved in bankruptcy court for an award of attorneys fees under 11 U.S.C. § 330. The bankruptcy court had granted several interim fee applications throughout the course of the bankruptcy, and in June 2004 Damon & Morey filed its final fee application seeking attorneys fees and disbursements. Elia strenuously opposed the final fee application asserting, among other things, that the firm had committed legal malpractice and had labored under various conflicts of interest.

On October 19, 2004, the bankruptcy judge who had presided over the Elia's Chapter 11 proceeding granted Damon & Morey's final fee application in full and rejected Elia's objections as simply a "gambit" to avoid paying counsel fees. The bankruptcy judge also found that Elia's allegations of malpractice lacked credibility and were belied by the record.

Elia appealed the bankruptcy court's ruling on the attorneys' fees issue to this Court. On June 19, 2006, this Court issued a Decision and Order affirming the bankruptcy court's October 19, 2004 award of attorneys' fees. *See* Decision and Order dated June 19, 2006, in *In re D. A. Elia Constr. Corp.*, 04-CV-975, Dkt. No. 21 (affirming the bankruptcy court's award of 11 U.S.C. § 330 fees and outlining the bankruptcy court proceedings relating thereto).

Elia then appealed this Court's Decision and Order to the United States Court of Appeals for the Second Circuit. On June 28, 2007, the Second Circuit issued a Summary Order affirming this Court's judgment. *See In re D. A. Elia Constr. Corp.*, 04-

CV-975, Dkt. No. 33 (Summary Order of Second Circuit).

While that appeal was pending in the Second Circuit, Elia filed a complaint against Damon & Morey on February 14, 2007, in New York State Supreme Court asserting various state law causes of action relating to the firm's legal representation of Elia during the Chapter 11 proceeding. Damon & Morey removed that state action to this Court asserting that all of Elia's state law claims either "arise in" or are "related to" the Chapter 11 proceeding, and as such, this Court has original jurisdiction over those claims under 28 U.S.C. § 1452(a). Damon & Morey then moved for dismissal and/or summary judgment asserting that all of the state law claims are barred by *res judicata*. On March 31, 2008, this Court issued a Decision and Order finding that removal was proper and that summary judgment should be granted in favor of Damon & Morey because all of Elia's state law claims were barred by *res judicata*. *See D. A. Elia Constr. Corp. v. Damon & Morey, LLP*, 07-CV-143, Dkt. No. 21. Upon finding that no merit to Elia's claims of malpractice, this Court observed:

> As is readily apparent from this Decision and Order, the Court finds Elia's arguments in favor [of] remand and against the motion for summary judgment to be completely without merit. In opposing the motion to dismiss on *res judicata* grounds, Elia did not even attempt to distinguish the most obviously relevant case law against it -the First, Fourth and Fifth Circuit rulings holding that a bankruptcy court's grant of fees under 11 U.S.C. § 330 bars any subsequent malpractice claims premised upon those same services. *See Grausz v. Englander*, 321 F.3d 467 (4th Cir. 2003); *In re Iannochino*, 242 F.3d 36 (1st Cir. 2001); *In re Intelogic Trace, Inc.*, 200 F.3d 382 (5th Cir. 2000). Instead, Elia attempts to mischaracterize the record by suggesting that the bankruptcy court never considered its claims of malpractice and attorney misconduct. Both this Court and the Second Circuit have expressly rejected that argument and have found that the bankruptcy court gave adequate consideration to Elia's claims of postpetition malpractice. *See In re D. A. Elia Constr. Corp.*, 04-CV-975, Dkt. No. 21, at 20 (this Court's Decision and Order

stating that "[t]he bankruptcy court fully considered [Elia's] allegations of misconduct but found them to be without merit"); *and id.* at Dkt. No. 33, at 3 and 4 (Second Circuit Summary Order stating that the bankruptcy court gave Elia "more than ample opportunity to present its arguments" regarding its claims of "conflicted and negligent representation").

In light of those express findings, it is difficult to believe that the state court action was filed by Elia in good faith. Even if Elia did have some good faith basis for initially filing its state court claims, it should have been clear that its position was meritless upon reviewing the cases cited in Damon & Morey's motion to dismiss. This is particularly true where, as here, Elia's principal is also an attorney and therefore presumably understood the *res judicata* arguments being raised. Nevertheless, Elia chose to oppose the motion and filed its own motion to remand.

The foregoing certainly provides sufficient evidence for this Court to conclude that the instant action was brought in bad faith and for the purpose of harassment and delay. The Court also notes that Elia has filed two separate bankruptcy appeals and both of those appeals are currently pending before this Court. *See In re D.A. Elia Constr. Corp.*, 07-CV-754, and *In re D.A. Elia Constr. Corp.*, 08-CV-103. The Court has not yet had a full opportunity to consider the merits of those appeals. At this juncture the Court finds it prudent to heed the Circuit's admonition to exercise restraint and denies Damon & Morey's motion for sanctions and injunctive relief without prejudice. If, upon consideration of the pending bankruptcy appeals, it is determined that those appeals are frivolous and were brought for the purpose of harassment and delay, the Court will entertain a renewed motion by Damon & Morey for monetary sanctions and/or injunctive relief. In the interim, Elia is forewarned that any subsequent attempts to relitigate issues that have been finally adjudicated in connection with the attorney fee dispute will be deemed to be brought in bad faith and may provide the basis for imposing sanctions and/or injunctive relief. Elia also would be well advised to consider voluntarily withdrawing any of the pending bankruptcy appeals if it now knows or should know that the appeal is without merit.

Despite the Court's admonition, Elia did not withdraw either of those pending appeals, necessitating the issuance of this Order. Moreover, Elia then appealed this Court's March 31, 2008 Decision and Order to the Second Circuit Court of Appeals. That appeal is currently pending before the Second Circuit. *See D.A. Elia Constr. Corp.*

*v. Damon & Morey, LLP*, 08-2140.

With this background in mind, the Court now turns to the two matters currently pending in this Court.

**B.      Appeal of September 27, 2007 Bankruptcy Court Order (Dkt. 07-CV-754)**

On September 27, 2007, Judge Kaplan filed an order adopting the mandate of the Second Circuit.  That mandate related to the Second Circuit's June 28, 2007 Summary Order affirming this Court's award of Damon & Morey's final fee application. *See In re D.A. Elia Constr. Corp.,* 04-CV-975, Dkt. No. 33 (Summary Order of Second Circuit).  Elia appealed Judge Kaplan's September 27, 2007 order adopting the mandate.  *See In re D.A. Elia Constr. Corp.*, 07-CV-754, Dkt. No. 1 (Notice of Appeal).  However, Elia failed to perfect its appeal and on November 15, 2007, this Court dismissed the appeal on procedural grounds.  *Id.* at Dkt. No. 2.  Elia then brought a motion to vacate the dismissal order and to reinstate the appeal.  *Id.* at Dkt. No. 3.  Elia also filed a notice of appeal to the Second Circuit appealing this Court's dismissal.  *Id.* at Dkt. No. 5. That appeal has been stayed by the Second Circuit pending resolution of the post-judgment motion by this Court.  *See In re D.A. Elia Constr. Corp.,* 07-5544.

The motion to reinstate Elia's appeal is denied.   The appeal is clearly frivolous.  The order appealed from did nothing more than adopt the mandate of the Second Circuit.  If Elia was dissatisfied with the result that it received in the Second Circuit, its only recourse was to petition for rehearing or to petition for certiorari to the United States Supreme Court.  In adopting the Second Circuit's mandate, the bankruptcy court

was simply performing a ministerial function.  Clearly, the appeal from that order is simply a poorly disguised effort to relitigate matters that have already been throughly litigated in the bankruptcy court, this Court and even at the Second Circuit.  Because there is no merit to the appeal, there is no reason to reinstate it.  Doing so would only waste more of this Court's time and energy which would be better spent addressing cases that actually have merit.

**B.      Appeal of December 26, 2007 Bankruptcy Court Order (Dkt. 08-CV-103)**

Elia's appeal from the bankruptcy court's December 26, 2007 order is equally frivolous.  On December 26, 2007, the bankruptcy court issued an oral order denying a motion that had been made by Elia in bankruptcy court on November 30, 2007, seeking relief from the judgment awarding Damon & Morey attorney's fees and seeking to have the law firm of Feuerstein & Smith, LLP, substituted as counsel for Elia.  At oral argument on December 26, 2007, Bankruptcy Judge Michael J. Kaplan, who had presided over the entire Chapter 11 proceeding and the related attorney fee dispute, denied the motion stating that the bankruptcy case was closed and no longer pending.  Therefore, there was no need to substitute an attorney.  He also found that since this Court and the Second Circuit had already affirmed his award of attorney's fees to Damon & Morey, those rulings were the "law of the case" and that he no longer had any jurisdiction over the matter.  Notably, Judge Kaplan observed: "This seems to be a game that is being played [by Elia] to get orders that can be appealed [in] a never ending series of appeals."  See Appendix of Appellee Damon & Morey in 08-CV-103, at

319.

Elia's current appeal from that December 26, 2007 order is patently frivolous. In its appellate brief, Elia argues that the bankruptcy court's judgment should be vacated so that it can show why Damon & Morey is not entitled to the attorney's fees that have already been awarded. Elia's attempt to relitigate this issue again and again must stop.

## CONCLUSION

**Accordingly, for the reasons stated, it is hereby**

ORDERED that Elia's motion to vacate this Court's order dismissing the appeal in 07-CV-754 is DENIED; and further

ORDERED, that the bankruptcy appeal in 08-CV-103 is DISMISSED as frivolous and the Clerk of the Court is ordered to take all steps necessary to close that bankruptcy appeal; and further

ORDERED, that Elia is hereby ENJOINED from filing in this Court or in bankruptcy court any additional motions, appeals or requests for relief which ultimately seek to relitigate the attorney fee dispute between Elia and Damon & Morey; and further

ORDERED, that Elia is on notice that any violation of this injunction shall be met with an order to show cause as to why sanctions should not be granted.

Although the Court would regard any appeal taken from *this order* to have been taken in bad faith, the Court will not enjoin Elia from doing so as the issue of whether an

appeal from *this order* is frivolous is within the province of the Second Circuit.


SO ORDERED.

                                                      s/ *Richard J. Arcara*
                                                     HONORABLE RICHARD J. ARCARA
                                                     CHIEF JUDGE
                                                     UNITED STATES DISTRICT COURT

DATED:  March   14, 2009